RAY LIPPINCOTT, PLAINTIFF-RESPONDENT, v. T. B. McGUIRE, INC., A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.

Submitted May 4, 1943—Decided June 28, 1943.

Before Justices CASE, DONGES and PORTER.

For the plaintiff-respondent, *Walter P. Back.*

For the defendant-appellant, *Charles W. Symanski* and *Paul A. Vivers.*

The opinion of the court was delivered by

CASE, J.   Plaintiff below sued for the recovery of the sum of $312, his equity in the trade-in value of an old car delivered by him on November 11th, 1941, to the defendant, an automobile dealer, as part of the purchase price of a new car then contracted for but never delivered.   The District Court Judge, sitting without a jury, awarded judgment in that amount, with costs.

Defendant's appeal grounds solely in the contention that there was no legal evidence to sustain that determination. The record discloses no evidence rulings and no objections to the testimony as given.   The disposition of the appeal turns

upon the question whether the controlling contract between the parties was, as the plaintiff testified, an oral contract made on November 11th, 1941, or a printed paper, in form a contract, bearing the date of November 11th, 1941, and testified by the defendant's witnesses to have been made on that day but which the plaintiff testified was signed on March 31st, 1942, for the purpose of submission to the local rationing board in order to procure from that board a certificate of acquisition. There was testimony which, with the inferences permitted to be drawn therefrom, support a factual finding that the effective contract between the parties was the oral contract testified to by the plaintiff and that the signing of the printed contract form was merely for the purpose of producing tangible evidence before the board that the arrangements for purchase were made before January 1st, 1942, namely, on November 11th, 1941. The trial court filed no opinion but held that the form contract and the certificate issued by the board thereon were both signed during the latter part of March, 1942, at the time the plaintiff and the defendant's agent appeared before the board for the purpose of obtaining the permit.

It is fairly clear that the court came to its judgment upon a finding that the paper-writing was intended only for the purpose which it served to accomplish, namely, the obtaining from the rationing board of an order permitting the sale of a new car and that it was not intended to, and did not, affect the right of the purchaser, upon the breakdown of the sale, to recover his equity in the old car which meanwhile, immediately following the original transaction, had been sold by the defendant company.

It is settled that upon appeal from the District Court that tribunal's judgment should be sustained if there is any evidence to support it. *Breithart* v. *Lurich,* 98 *N. J. L.* 556; *Glickfeld* v. *Venokur,* 15 *N. J. Mis. R.* 522; *affirmed,* 119 *N. J. L.* 431.

The judgment below is affirmed, with costs.